UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRANECO PARTS & SUPPLY, INC., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-04-0001 |
| § | |
| H&E EQUIPMENT SERVICES, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

This case arises from the departure of George Lopez, a long-time employee of Defendant H&E Equipment Services, LLC ("H&E"), to form a competing company, Plaintiff Craneco Parts & Supply, Inc. ("Craneco"). Craneco and H&E filed claims against one another, each alleging unfair competition. The Court granted summary judgment for H&E on the issue of liability, and the parties then agreed to a bench trial on damages.

At trial, H&E presented three overlapping theories regarding the damages that Lopez's defection had caused. First, H&E argued that, in contrast to the experience of all other H&E divisions and in contrast to Lopez's own division's prior history, sales and profits in his division declined sharply during the period between the formation of Craneco in February 2003 and Lopez's departure from H&E in May 2003. Lopez should, H&E argues, be liable for that diminution in profits. Although this theory is intuitively appealing, it is, under authoritative precedents, too speculative to constitute proof of damages. *See, e.g.*, *Blase Indus. Corp. v. Anorad Corp.*, No. 04-21015, 206 WL 477141, at *2-*3 (5th Cir. March 1, 2006) (noting that, "[i]n Texas, lost profit damages must be established with 'reasonable certainty'" and "may not be based on evidence that is

speculative, uncertain, contingent, or hypothetical") (internal citation omitted); *Univ. Computing Co. v. Mgmt. Science*, 810 F.2d 1395, 1399-1400 (5th Cir. 1987) (holding that an expert opinion estimating lost profits "on [the basis of] cursory mental consideration of general data regarding market conditions and operations in the division, and on [the expert's] observation of the effects on . . . workers" was, "although based on data analysis, simply . . . not . . . a credible statistical basis for inferring causation"). Moreover, there exist self-evident alternative explanations for the change that H&E experienced: perhaps, for example, the profit loss was caused by an industry-wide trend or by a market anomaly.

Second, H&E argues that Lopez should forfeit his wages and the value of the employment benefits that he received during the relevant period. The difficulty with this argument is that the evidence showed that, during that very period, Lopez was performing not only all of the duties expected of someone in his position but others as well. The evidence also tended to show that he may have been under-compensated for his efforts. H&E and Lopez do agree that there was one lunch involving Lopez and an H&E customer, for which H&E paid, at which Lopez, in addition to discussing matters pertinent to H&E, also told the customer that Lopez had formed Craneco. Without more, however, this fact is insufficient to justify forfeiture of any amount of compensation.

Third, H&E contends, and Craneco acknowledges, that certain contracts negotiated by Lopez while at H&E resulted in sales by Craneco. The total value of those contracts is $2,655.02. Arguably, a more appropriate damages figure would be the amount of the actual profits, not the gross income, lost by H&E on these contracts. Since neither side pursued the point, however, the Court **FINDS** and **HOLDS** that Craneco

shall pay to H&E damages in the amount of $2,655.02 within ten days of entry of this order.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 27th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**